CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
06/24/2019
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **MABEL H.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 6:18-CV-68 |
| | ) |
| **ANDREW SAUL,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

### REPORT AND RECOMMENDATION

Plaintiff Mabel H. ("Mabel") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled and therefore not eligible for disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433. Specifically, Mabel alleges that the ALJ failed to properly account for the effects of her severe impairments and failed to provide a narrative discussion explaining why she can perform light work. Mabel also asserts that additional evidence submitted to the Appeals Council is new and material and warrants remand for consideration. I agree that the additional evidence submitted to the Appeals Council is new, material and should be considered by the Commissioner. Accordingly, I **RECOMMEND DENYING** the Commissioner's Motion for Summary Judgment (Dkt. No. 14), **GRANTING in part** Mabel's Motion for Summary Judgment (Dkt. No. 12) and remanding this case for further administrative consideration consistent with this Report and Recommendation.

1

## **STANDARD OF REVIEW**

This Court limits its review to a determination of whether substantial evidence supports the Commissioner's conclusion that Mabel failed to demonstrate that she was disabled under the Act.[1] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## **CLAIM HISTORY**

Mabel filed for DIB on January 4, 2016, claiming that her disability began on November 5, 2015.[2] R. 192–95. The Commissioner denied the application at the initial and reconsideration levels of administrative review. R. 75–76, 86–95. On July 26, 2017, ALJ H. Munday held a hearing to consider Mabel's disability claim. R. 49–65. Mabel was represented by an attorney at the hearing, which included testimony from Mabel and vocational expert Gerald Wells, Ph.D. Id.

On January 16, 2018, the ALJ entered his decision analyzing Mabel's claim under the familiar five-step process,[3] and denying Mabel's claim for benefits. R. 11–19. The ALJ found

---

[1] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

[2] Mabel previously filed claims for Supplemental Security Income and DIB on November 18, 2011, which were denied at the initial and reconsideration levels of administrative review. R. 66–74, 96–400, 178–189.

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform

2

that Mabel suffered from the severe impairments of diabetes mellitus and autoimmune hemolytic anemia. R. 13. The ALJ found that these impairments did not meet or medically equal a listed impairment. R. 14. The ALJ further found that Mabel had the residual functional capacity ("RFC") to perform light work, except that she can occasionally balance, kneel, crouch, and climb ramps and stairs; never crawl or climb ladders, ropes or scaffolds; frequently handle and finger; and have occasional exposure to vibrations and hazardous conditions. Id. The ALJ determined that Mabel can perform her past relevant work as a customer service representative, cashier/checker and mail clerk, and thus was not disabled. R. 18.

Mabel requested that the Appeals Council review the ALJ's decision and submitted additional medical records to the Appeals Council in support of her claim. R. 30–48. On May 16, 2018, the Appeals Council denied Mabel's request for review. R. 1–5. This appeal followed.

## ANALYSIS

Mabel has diabetes mellitus and was diagnosed with autoimmune hemolytic anemia ("AHA")[4] in November 2015. Mabel was hospitalized upon her initial diagnosis due to complaints of shortness of breath, weakness and fatigue, and underwent multiple blood transfusions. R. 376–87. In December 2015, Mabel reported that her shortness of breath, right leg swelling, and fatigue were improving since beginning treatment. R. 404–05. Mabel's

---

other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

[4] AHA occurs when your immune system makes antibodies that attack your red blood cells, which causes a drop in the number of red blood cells. Symptoms may include unusual weakness and fatigue with tachycardia and breathing difficulties, jaundice, dark urine and/or an enlarged spleen. Treatment may include corticosteroids, splenectomy, immunosuppressive drugs and/or blood transfusions. See https://rarediseases.info.nih.gov/diseases/5870/autoimmune-hemolytic-anemia

complaints from December 2015 through May 2017 include cramping in her hands that was helped by increased water intake (R. 345), shortness of breath with exertion (R. 341, 447), fatigue (R. 595), back pain and occasional pain in her legs (R. 646), and occasional swelling in her left leg (R. 665). Mabel's physical examination in March 2017 noted tender points along the trapezius, lower back and lower arms. R. 665, 670.

On December 21, 2011, medical consultant Robert Keeley reviewed Mabel's records and determined that she was capable of medium work, including lifting and carrying 50 pounds occasionally and 25 pounds frequently; standing and/or walking six hours in an eight-hour workday; sitting six hours in an eight-hour workday; and had no postural or manipulative limitations. R. 71–72. In March 2016, Bert Spetzler, M.D. reviewed Mabel's records and determined that she was capable of light work; specifically, lifting/carrying 20 pounds occasionally and 10 pounds frequently, standing, walking or sitting about six hours in an eight-hour workday; frequently kneeling; occasionally climbing ramps and stairs, balancing, and crouching; never climbing ladders, ropes or scaffolds and never crawling. R. 81–83. On September 2, 2016, Leslie Ellwood, M.D., reviewed Mabel's records and agreed with Dr. Spetzler's conclusions. R. 91–93.

The ALJ reviewed Mabel's treatment history and testimony regarding her limitations and determined that her underlying impairments could reasonably be expected to produce the pain or symptoms, but that Mabel's statements about the intensity, persistence and limiting effects of her symptoms are inconsistent. R. 15. The ALJ noted that Mabel complained of hand cramping but reported to her physician that her hand cramping improved with increased water intake. Id. The ALJ also noted that Mabel's physical examinations have been normal with normal muscle

strength, and that there are no records of any falls despite Mabel's testimony that her legs "go out." Id. The ALJ also recognized that Mabel has had no drug infusions since 2015. Id.

The ALJ gave partial weight to Dr. Keely's opinion that Mabel can perform medium work, finding that the record supports greater limitations than those assessed by Dr. Keely in 2011. R. 17. The ALJ gave great weight to Dr. Keely's conclusion that Mabel can return to her past relevant work . R. 17. The ALJ gave great weight to the opinions of Drs. Spetzler and Ellwood, finding that Mabel can perform a range of light work and that she can return to her past relevant work as a customer service/administrative clerk. Id. Accordingly, the ALJ assessed an RFC that mirrored the findings of state agency physicians Drs. Spetzler and Ellwood. R. 14.

On February 15, 2018, less than a month after the ALJ's decision, Mabel submitted an attending physician's statement completed by hematologist, Hillary Maitland, M.D., with Carilion Clinic Rheumatology. R. 41–42. Dr. Maitland had a treatment visit with Mabel that same day. Dr. Maitland noted that she had treated Mabel since 2015 and Mabel's primary condition was hemolytic anemia, with immune thrombocytopenia ("ITP") and symptoms of joint stiffness. R. 41. She found that due to arthritis, Mabel could sit intermittently with standard breaks for two hours at a time for a total of eight hours during a workday; stand intermittently for one hour at a time and four hours total during an eight-hour workday; and walk intermittently for one hour at a time for a total of one hour during an eight-hour workday. R. 42. Dr. Maitland determined that Mabel could never kneel, crouch, climb, balance or drive, and could lift up to 5 pounds occasionally. Id. She also found that Mabel could frequently perform fine manipulation. Id.

Mabel submitted Dr. Maitland's opinion to the Appeals Council, and the Appeals Council found that it did not relate to the period at issue because it was dated after the ALJ's decision of

January 16, 2018. R. 2. Mabel asserts that Dr. Maitland's opinion warrants remand to the Commissioner for consideration because it is new, material and relates back to the period at issue. Pl. Br. Summ. J. p. 8–9. The Commissioner asserts that Dr. Maitland's opinion does not relate to the period at issue. Def. Br. Summ. J. p. 13–15.

The "Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95–96 (4th Cir. 1991) (internal quotations omitted). Beginning on January 17, 2017, a claimant seeking Appeals Council review based on additional evidence must also demonstrate good cause for not informing the agency about or submitting the evidence at an earlier stage. See 20 C.F.R. 404.970(b), 416.1470(b). Here, the ALJ's decision was issued in January 2018, thus Mabel must also show good cause for not submitting these records to the Appeals Council.

Evidence is new if it is not duplicative or cumulative and evidence is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins, 953 F.2d at 96. However, the Appeals Council need not review or consider new evidence that relates only to a period after the ALJ issues the decision. See 20 C.F.R. § 404.970. Additionally, the Appeals Council need not explain its reason for denying review of an ALJ's decision. Meyer v. Astrue, 662 F. 3d 700, 702, 706 (4th Cir. 2011) ("Although the regulatory scheme does not require the Appeals Council to articulate any findings when it considers new evidence and denies review, we are certainly mindful that 'an express analysis of the Appeals Council's determination would [be] helpful for purposes of judicial review.') (citation omitted); see also Riley v. Apfel, 88 F.Supp.2d 572, 579–80 (W.D. Va. 2000) ("When this court is left in the dark

as to how the Appeals Council treated the new evidence a meaningful review is impossible."). When the Appeals Council denies review, this denial makes the ALJ's decision final, at which point it is the decision of the ALJ, and not the procedural decision of the Appeals Council to deny review, that is subject to judicial scrutiny. See 20 C.F.R. §§ 404.967–981; Bowles v. Barnhart, 392 F. Supp. 2d 738, 742–43 (W.D. Va. 2005).

This court must "review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the [Commissioner's] findings" Wilkins, 953 F.2d at 96. "However, the Fourth Circuit has also admonished that it is the role of the ALJ, and not reviewing courts, to resolve conflicts in the evidence." Davis v. Barnhart, 392 F. Supp. 2d 747, 751 (W.D. Va. 2005) (citing Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996)). Thus, when faced with new evidence, a court must reconcile its duty under Wilkins to review the entire record including the new evidence to determine if there is a reasonable possibility that it would change the outcome, with its obligation under Smith to abstain from making credibility determinations and resolving factual conflicts. See Davis. 392 F.Supp.2d at 751.

Courts in this district have achieved that balance by reviewing the record as a whole to determine if the new evidence is contradictory, presents material competing testimony, or calls into doubt any decision grounded in the prior medical reports. If the new evidence creates such a conflict, there is a reasonable possibility that it would change the outcome of the case, and the case must be remanded to the Commissioner to weigh and resolve the conflicting evidence. If such conflicts are not present, the case can be decided on the existing record without a remand. Davis, 29 F. Supp. 2d at 751 (citing Bryant v. Barnhart, No. 6:04cv000017, 2005 WL 1804423, *5 (W.D. Va. Jan 21, 2005); Smallwood v. Barnhart, No. 7:03cv00749, slip op. at 2 (W.D. Va. Oct. 19, 2004); Ridings v. Apfel, 76 F.Supp.2d 707, 709 n. 6 (W.D. Va. 1999); Thomas v.

7

Comm'r, 24 F. App'x 158, 162, 2001 WL 1602103, at *4 (4th Cir. 2001) (unpublished opinion); McConnell v. Colvin, No. 2:02cv00005, 2013 WL 1197091, at *7 (W.D. Va. March 25, 2013)).

As a threshold matter, good cause exists for Mabel to submit this evidence to the Appeals Council as it was completed by Dr. Maitland approximately one month after the ALJ's decision.[5] Dr. Maitland's opinion is also new, as it is the only opinion of a treating physician in the record and is not cumulative or duplicative of other evidence. The opinion relates back to the period at issue because it addresses Mabel's limitations as a result of her AHA and arthritis, conditions for which Mabel sought treatment during the alleged period of disability. See Coleman v. Berryhill, No. 6:17-cv-02613-TMC, 2019 WL 850902, at *4 (D.S.C. Feb. 22, 2019) (finding new opinion evidence "relates to the period prior to the ALJ decision" where the opinion reports on "symptoms and limitations that have been present" since shortly after Plaintiff applied for disability benefits). There is no argument that these conditions and limitations developed in the month after the ALJ's opinion, or meaningfully progressed during that time such that Dr. Maitland's opinion would not relate to the period at issue.

I find that Dr. Maitland's opinion is also material because it significantly conflicts with the other physician opinions in the record, to which the ALJ gave great weight and adopted in the RFC. While Dr. Maitland's opinion is a checkbox form, it is the only opinion from a treating physician in the record. Further, Dr. Maitland recommends significantly more restrictive limitations than those offered by the state agency physicians and incorporated into the RFC. See Cannady v. Berryhill, No. 1:18cv887, 2019 WL 1473318, at *21 (D.S.C. March 13, 2019) (Finding new evidence to be material because "[u]nlike other cases distinguishable from Meyer, [the new evidence] is the only treating physician's opinion in the record, provides an opinion

---

[5] The Appeals Council declined to consider the additional evidence because it did not relate to the relevant period; it did not find that Mabel failed to show good cause for failing to produce the evidence earlier. R. 2.

regarding Plaintiff's limitations during the adjudicated period, and specifically addresses the impact of these limitations on her ability to perform sedentary work."). As the Fourth Circuit stated in Meyer, when the newly presented evidence is uncontroverted in the record or all the evidence is "one-sided," a reviewing court has no difficulty determining whether there is substantial evidence to support the Commissioner's decision. Id. at 707. However, when the "other record evidence credited by the ALJ conflicts with the new evidence," there is a need to remand the matter to the fact finder to "reconcile that [new] evidence with the conflicting and supporting evidence in the record," as "[a]ssessing the probative value of the competing evidence is quintessentially the role of the fact finder." Id.

Ultimately, it is not this court's role to decide whether Dr. Maitland's opinion has any impact on the Commissioner's decision. The law is clear that "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with the reviewing court." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996) (citing Kasey v. Sullivan, 3 F.3d 75, 79 (4th Cir. 1993). However, the ALJ did not have an opportunity to consider Dr. Maitland's opinion, which is the only opinion from a treating physician in the record. It is the role of the ALJ and not of the Court to evaluate what weight Dr. Maitland's opinion should be given. Accordingly, I recommend remanding Mabel's claim under sentence four of 42 U.S.C. § 405(g) for consideration of this additional evidence and the record as a whole.

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend **DENYING** the Commissioner's motion for summary judgment, **GRANTING in part** Mabel's motion for summary judgment, and **REVERSING** and **REMANDING** this matter under sentence four of 42 U.S.C. §§ 405(g) with instructions that the ALJ consider the records submitted to the Appeals Council.

The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection, including a waiver of the right to appeal.

Entered: June 24, 2019

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge